UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JASON MARK HUTCHINS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:12-CV-00041 |
| § | |
| JANE DOE, *et al*, § | |
| § | |
| Defendants. § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION REGARDING**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is Defendants' Motion for Summary Judgment (D.E. 35). On January 15, 2013, United States Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation Regarding Defendants' Motion for Summary Judgment (D.E. 39), recommending that Defendants' Motion for Summary Judgment be granted on the basis of failure to exhaust administrative remedies. Alternatively, the Magistrate Judge recommended dismissal of Plaintiff's claims against Defendants Castillo and Declet on the basis of qualified immunity and that Plaintiff's remaining claims against Defendant Tamez be set for trial. Plaintiff filed his Objections (D.E. 40) on February 7, 2013. Despite being untimely, the Court considers Plaintiff's Objections.

First, Plaintiff argues that his admitted failure to timely file his Step 1 Grievance should be excused because he was suffering from a "head injury" at the time. Plaintiff fails to submit any evidence that the cut to his head qualifies as a "head injury" that would impair his cognitive functioning. Neither does he include any authority for the

proposition that failure to exhaust administrative remedies can be excused for any applicable medical reason.  Plaintiff's first objection is **OVERRULED**.

Second, Plaintiff explains that any failure to exhaust administrative remedies in the form of his failure to prosecute a Step 2 Grievance is due to "TDCJ interference."  He professes to have submitted a Step 2 Grievance but that it was stamped "returned unprocessed" and is in his possession.  Plaintiff has failed to submit a copy of the Step 2 Grievance to this Court for review.  He has further failed to provide any authority for the proposition that the status of his Step 2 Grievance would negate his failure to timely file his Step 1 Grievance or otherwise should be deemed to have exhausted his administrative remedies.  Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff objects to Defendant Castillo's claim of qualified immunity on the basis that a classification officer should not be entitled to immunity because, by definition, she must be personally involved in classification and to allow her immunity *ipso facto* immunizes the entire classification process.  While patently untrue, this statement, alone, does not provide any reasoning for assigning liability based on classification efforts.  Plaintiff, without showing any particular basis for believing the other inmate posed a threat to him, goes on to suggest that all prisoners convicted of violent crimes should be segregated from those convicted of nonviolent crimes.  Without evidence that the criminal conviction, alone, predicts inmate behavior, the Plaintiff has failed to state any reason that Defendant Castillo knew or should have known that the other inmate posed a threat to Plaintiff.  Plaintiff's third objection is **OVERRULED**.

Plaintiff's fourth objection challenges the characterization of facts regarding (1) why Plaintiff's wound was bleeding, (2) whether the pain medication was sufficient, and (3) whether Plaintiff should be faulted for failing to show up for a follow-up appointment when he was in pre-hearing detention.  None of Plaintiff's "factual issues in dispute" are supported by evidence or authority.  Moreover, they are moot, given the Court's determination of the Plaintiff's failure to exhaust administrative remedies.  Plaintiff's fourth objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, Defendants' Motion for Summary Judgment (D.E. 35) is **GRANTED** as to all Defendants on the issue of failure to exhaust administrative remedies.  Additionally, summary judgment is **GRANTED** as to Defendants Castillo and Declet on the basis of qualified immunity.  This action is **DISMISSED WITH PREJUDICE**.

ORDERED this 22nd day of April, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE